MURDOCK, Justice
(concurring in part and dissenting in part).
I agree with the main opinion’s conclusion that the trial court should have entered a judgment as a matter of law in favor of Alfa Life Insurance Corporation (“Alfa”). I therefore concur in reversing •the trial court’s judgment against Alfa.
As to the judgment entered by the trial court against Brandon Morris on the claim of negligent procurement of an insurance policy, Morris does not challenge the premise of that judgment — that he owed a duty to the plaintiff to complete Dante’s application for insurance in a reasonably prudent manner. Further, the main opinion, correctly in my view, concludes that the question whether Morris’s allegedly negligent acts or omissions in preparing that application were the cause of Alfa’s eventual denial of coverage is not properly before us. As the main opinion therefore indicates, that leaves only the question of contributory negligence by Dante and Kimberly Colza for our consideration insofar as the judgment against Morris is concerned.
Morris’s contributory-negligence defense in this case is based on the notion that, to the extent the insurance application he submitted on behalf of Dante contained errors or omissions, those errors were at least in part a function of negligently incomplete answers by Dante to questions posed to him by Morris during the application process. The only aspect of the application specifically singled out in this regard by the main opinion is the omission of any information on the application regarding Dante’s moving traffic violations: “among other things, Dante’s application did not reveal that he had been cited for moving traffic violations in the past three years.” 159 So.3d at 1249. Clearly, however, there was conflicting testimony constituting substantial evidence that Morris did not ask Dante during the application process if he had had any moving traffic violations. A judgment as a matter of law therefore cannot properly be based on this fact.
The only “other things” to which the main opinion might be alluding are the fact that Dante ultimately was determined to be ineligible for the “preferred” rate policy requested on the application, in part because of a history of heart disease in Dante’s family and because Dante’s cholesterol level was high. As to the former, however, Morris conceded that Dante did tell him of the history of heart disease (Morris further testified that this information was in fact indicated on the application) but that he, Morris, thereafter made a mistake in checking the “box” indicating that the application was being made for a “preferred” rate policy and in obtaining an initial premium corresponding to a preferred-rate policy. Moreover, there is no evidence indicating that Dante knew about a high-cholesterol condition that he failed to disclose.
In short, genuine issues existed as to material facts relating to the contributory-negligence defense asserted by Morris. Furthermore, precedents not challenged in this case hold that the standard for removing the question of contributory negligence from a jury is even higher than the genuine-issue-of-material-fact standard for removing ordinary questions of negligence from the jury. As the main opinion itself *1257 acknowledges: “ ‘We protect against the inappropriate use of a summary judgment to establish contributory negligence as a matter of law by requiring the defendant on such a motion to establish by undisputed evidence a plaintiffs conscious appreciation of danger.’” 159 So.3d at 1249 (quoting Hannah v. Gregg, Bland & Berry, Inc., 840 So.2d 839, 861 (Ala.2002)).
For the foregoing reasons, I am compelled to dissent from the main opinion’s reversal of the trial court’s judgment against Morris.
I feel obligated to comment on one further matter, however — the main opinion’s attempt to buttress its analysis as to the contributory-negligence defense by discussing the “reasonable reliance” standard from Foremost Insurance Co. v. Parham, 693 So.2d 409 (Ala.1997). Foremost concerned the type of reliance a plaintiff must demonstrate in advancing a claim of fraud or suppression. The Foremost Court stated that
“the trial court can enter a judgment as a matter of law in a fraud case where the undisputed evidence indicates that the party or parties claiming fraud in a particular transaction were fully capable of reading and understanding their documents, but nonetheless made a deliberate decision to ignore written contract terms.”
693 So.2d at 421. Thus, the “reasonable reliance” standard addresses (a) an element of a claim of (b) fraud or suppression. I do not see how it is apposite to (a) an affirmative defense of contributory negligence asserted in response to a claim of (b) negligent procurement.
Again, I respectfully must dissent as to the reversal of the judgment against Morris.